IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

ASSOCIATED BUILDERS AND CONTRACTORS OF TEXAS, INC., et al.,

        Plaintiffs,

v.

NATIONAL LABOR RELATIONS BOARD,

        Defendant.

Case No. 1:15-CV-00026 RP

**DEFENDANT NATIONAL LABOR RELATIONS BOARD'S
MOTION TO EXTEND TIME TO FILE (1) AN OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, AND (2) AN ANSWER TO PLAINTIFFS'
COMPLAINT**

The Defendant, National Labor Relations Board ("NLRB" or "the Board"), hereby moves pursuant to Federal Rule of Civil Procedure 6(b) for a 14-day extension of time to respond to Plaintiffs' Motion for Summary Judgment. By that same authority, the Board also seeks to extend the due date for the filing of an answer to Plaintiffs' Complaint. In support of this Motion, the Board states as follows:

1. This case involves a facial challenge to a final rule (79 Fed. Reg. 74,308) issued by the Board on December 15, 2014 (hereinafter referred to as "rule" or "final rule"). The rule amends Board procedures to "remove unnecessary barriers to the fair and expeditious resolution of representation cases," which generally involve efforts by workers to obtain, modify, or terminate union representation at their workplace through a Board-conducted secret-ballot election. *Id.* The Supreme Court has repeatedly recognized that "Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." *NLRB v. A.J. Tower*

*Co.*, 329 U.S. 324, 330 (1946). The Board has historically exercised that discretion by simply announcing rule changes intended to improve its representation case process. "Indeed, the Board has amended its representation case procedures more than three dozen times without prior notice or request for public comment." 79 Fed. Reg. at 74,310. Given that the vast majority of changes in the final rule are procedural, the Board could have similarly proceeded to implement them without engaging in the notice and comment process at all. *See id.* at 74,311 & n.9. Nevertheless, beginning with a notice of proposed rulemaking ("NPRM") first issued on June 22, 2011, the Board voluntarily undertook a notice and comment process solely to give the Board the benefit of the views of the public concerning the range of changes proposed to the Board's representation case procedures.

2. In response to the NPRM, the Board received tens of thousands of comments. In addition, the Board held four days of public hearings during the rulemaking process. Consequently, the administrative record is voluminous.

3. Furthermore, the final rule itself is comprehensive. Its text spans 183 pages of the Federal Register and sets forth in detail 25 primary changes to the Board's representation case procedures.

4. Plaintiffs filed their Complaint on January 13, 2015, and their Motion for Summary Judgment nearly four weeks later on February 9, 2015. Plaintiffs have identified in their motion and 25-page supporting memorandum a wide variety of alleged statutory and constitutional deficiencies in the final rule. In addition, on February 10, 2015, the National Right to Work Legal Defense & Education Foundation, Inc. filed an unopposed motion for leave to file a 25-page amicus brief in support of Plaintiffs. Pursuant to Rule CV-7(e)(2), the Board's response in opposition to Plaintiffs' summary judgment motion is presently due on or before

February 23, 2015. The Board intends to file a cross-motion for summary judgment together with its response.

5. There is a simultaneous challenge to the same NLRB rule currently proceeding in the United States District Court for the District of Columbia. *Chamber of Commerce of the United States of America v. NLRB*, Case No. 1:15-cv-9 (D.D.C. filed Jan. 5, 2015). As here, the complaint in that case alleges several statutory and constitutional deficiencies in the rule. On February 5, 2015, the plaintiffs in the District of Columbia litigation filed a 45-page motion for summary judgment. In addition, on February 6, 2015, the D.C. District Court granted leave for the National Right to Work Legal Defense & Education Foundation, Inc. to file a previously lodged, 25-page amicus brief in support of the plaintiffs to that action. On February 9, 2015, the NLRB filed a motion to extend the default two-week deadline to respond to the D.C. plaintiffs' summary judgment motion. On February 10, 2015, the D.C. District Court issued a minute order extending the time for the Board to respond in light of "the number and the complexity of the issues raised in plaintiffs' motion for summary judgment." *Id.* (D.D.C. Feb. 10, 2015) (minute order granting in part and denying in part NLRB's motion for extension of time). Specifically, the court set forth the following briefing schedule:

- NLRB opposition and cross-motion for summary judgment due March 6, 2015
- Plaintiffs' reply and cross-opposition due March 25, 2015
- NLRB cross-reply due April 1, 2015

6. As in the District of Columbia litigation, the arguments raised here by Plaintiffs are both complex and numerous. Indeed, Plaintiffs set forth a veritable laundry list of specific provisions of the Board's rule that they contend are unlawful. *See* Pls.' Mot. for Summ. J. at 6-7 (setting forth 10 specific challenges lettered "a" though "j"). Additionally, there are material

differences in the scope of the challenges raised in both cases. For example, the plaintiffs in District of Columbia litigation uniquely argue that a new requirement to post a workplace notice at the beginning of a representation case violates the First Amendment, whereas Plaintiffs here uniquely argue that the Board's treatment of its "blocking charge" policy in the final rule is arbitrary and capricious.

7. As noted, after Plaintiffs filed their Complaint in this case, they took nearly four weeks to prepare and file their Motion for Summary Judgment. Four weeks is therefore a fair and appropriate measure of the amount of time it should take the Board to respond to Plaintiffs' arguments as well as those of any amicus curiae supporting Plaintiffs, and to cross-move for summary judgment. This is particularly so since the same group of NLRB attorneys must simultaneously defend the same rule in the parallel D.C. litigation.

8. Therefore, to ensure that the Board has adequate time to respond to both motions for summary judgment and related amicus briefs, the Board seeks a 14-day extension of time, to and including March 9, 2015, to file its response to Plaintiffs' Motion for Summary Judgment.

8. The Board has not previously requested an extension of time in this case.

9. Plaintiffs in this case seek an expedited ruling on the merits of their motion for summary judgment. They have expressed concern that should the rule go into effect as scheduled on April 14, 2015, the rule will deprive them and their members of statutory and constitutional rights. The Board, of course, disagrees.

10. The requested extension will not substantially delay this proceeding or prejudice Plaintiffs because they have means at their disposal to attempt to prevent such alleged harms. Specifically, Plaintiffs may file a motion for a preliminary injunction to enjoin the rule's implementation if they can "demonstrate that irreparable injury is *likely* in the absence of an

4

injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). At the outset of this litigation, the Board advised Plaintiffs' counsel that it does not wish to postpone the April 14, 2015 effective date of the Rule, nor does the Board believe that it is appropriate or necessary to pressure the Court to fully consider and rule on the merits of the comprehensive rule prior to the rule's effective date.[1] Indeed, given the rule's primarily procedural nature, and its legal exemption from the notice and comment process, the Board believes that the rule should not suffer further implementation delays.[2] If Plaintiffs believe, contrary to the Board's view, that implementation of the rule would result in irreparable harm and that they otherwise meet the requirements for preliminary relief, they should promptly file a motion for preliminary injunction. In the meantime, the Court should not feel pressured to reach a decision on the merits when Plaintiffs may seek preliminary relief to enjoin implementation of the final rule before its April 14, 2015 effective date.

11. In addition to the requested extension of time to file a response to Plaintiffs' Motion for Summary Judgment, the Board also seeks an extension of time to file an answer in this case. Neither the Federal Rules of Civil Procedure nor the Local Civil Rules automatically

---

[1] As the D.C. District Court noted in its Minute Order extending the due date of the Board's opposition to the plaintiffs' motion for summary judgment in that case, the "so-called 'default' briefing schedule set forth in the Local Rules applies to the parties and does not set any deadline for the Court's decision." *Chamber of Commerce of the U.S.*, No. 1:15-cv-9 (D.D.C. Feb. 10, 2015). The same is true here.

[2] In addition, prior experience has demonstrated that when a rule has been voluntarily postponed, such voluntary delay may lead to further involuntary postponement. *Compare* 76 Fed. Reg. 82,133, 82,133 (Dec. 30, 2011) (postponing effective date of notice-posting rule in order to facilitate resolution of legal challenges), *with Nat'l Ass'n of Mfrs. v. NLRB*, No. 12-5068, 2012 WL 1521549, at *1 (D.C. Cir., order entered Apr. 17, 2012) ("We note that the Board postponed operation of the rule during the pendency of the district court proceedings in order to give the district court an opportunity to consider the legal merits before the rule took effect. That postponement is in some tension with the Board's current argument that the rule should take effect during the pendency of this court's proceedings before this court has an opportunity to similarly consider the legal merits.").

delay the due date for an answer after pre-answer cross-motions for summary judgment have been filed. Plaintiffs and the NLRB appear to agree that this case should be resolved on summary judgment without the necessity of a formal answer to the Complaint. Accordingly, the NLRB requests that this Court delay the due date for an answer, if necessary, to 14 days after the Court has resolved the parties' cross-motions for summary judgment.

12. Pursuant to Rule CV-7(i), on February 9, 2015, counsel for the Board, Dawn L. Goldstein, informed counsel for Plaintiffs of the Board's intent to file the instant Motion. On that same date, Plaintiffs' counsel notified the undersigned that Plaintiffs do not object to the requested extension of the due date for the Board to file an answer, but do not consent to the requested extension of the due date for the Board to file its opposition to Plaintiffs' Motion for Summary Judgment for any date beyond February 27, 2015.

WHEREFORE, the Board respectfully requests that the Court grant this Motion and (1) permit the Board to file its opposition to Plaintiffs' Motion for Summary Judgment on or before March 9, 2015, and (2) order that an answer to Plaintiffs' Complaint, if necessary, be due 14 days after the Court rules on the parties' respective motions for summary judgment.

Respectfully submitted,

s/ Barbara A. O'Neill
BARBARA A. O'NEILL
*Assistant General Counsel for*
*Contempt, Compliance, and Special Litigation*

National Labor Relations Board
1099 14th Street, NW
Washington, D.C. 20570
Phone: (202) 273-2937
Fax: (202) 273-4244
E-mail: Barbara.ONeill@nlrb.gov
D.C. Bar No. 19356

Dated: February 11, 2015  
Washington, D.C.

DAWN L. GOLDSTEIN  
*Supervisory Attorney*  
Phone: (202) 273-2936  
E-mail: Dawn.Goldstein@nlrb.gov

KEVIN P. FLANAGAN  
*Supervisory Attorney*  
Phone: (202) 273-2938  
E-mail: Kevin.Flanagan@nlrb.gov

KEVIN J. HOBSON  
*Attorney*  
Phone: (202) 273-0102  
E-mail: Kevin.Hobson@nlrb.gov

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2015, the foregoing motion and attachments in support thereof are being served on the following via electronic ECF filing:

Maurice Baskin
Littler Mendelson, P.C.
1150 17th St. N.W.
Washington, DC 20036

Mark Jodon
Travis Odom
Littler Mendelson, P.C.
1301 McKinney Street
Suite 1900
Houston, Texas 77010-3031

Jason E. Winford
David E. Watkins
JENKINS & WATKINS
2626 Cole Avenue, Suite 200
Dallas, Texas 75204-0817

Raymond J. LaJeunesse
John N. Raudabaugh
Glenn M. Taubman
*c/o* National Right to Work Legal Defense &
Education Foundation, Inc.
8001 Braddock Rd., Suite 600
Springfield, Virginia 22160

                */s/Barbara A. O'Neill*