IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

_____

|  |  |  |
|---|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS OF TEXAS, INC., et al | ) ) ) | |
| Plaintiffs, | ) ) | 15-cv-00026-RP |
| v. | ) ) | |
| NATIONAL LABOR RELATIONS BOARD, | ) ) | |
| Defendant. | ) ) | |

_____ )

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

It is not the practice of Plaintiffs' counsel to oppose reasonable motions for extension of time to file briefs. However, in this case the grounds set forth by the Board for seeking a two-week extension of time to oppose Plaintiffs' motion for expedited summary judgment are disingenuous and require a response.

Contrary to the Board's motion, the Board was made aware of the legal grounds on which the new Rule would be challenged long before the Rule became final. The previous (less onerous) version of the Rule was challenged in court in 2012 on a number of the same grounds that have been relied on by Plaintiffs here. In addition, numerous opposition comments were filed in the Administrative Record in response to the 2014 NPRM. Many of those comments, along with the strongly worded December 2014 dissent, challenged the new Rule on the same grounds identified in Plaintiffs' Complaint. Certainly, the Board has been aware of the specific grounds for Plaintiffs' legal challenge since the filing of Plaintiffs' Complaint in January.

It must further be observed that expedited consideration of Plaintiffs' motion is required now only because the Board has arbitrarily refused to follow its established precedent of voluntarily delaying the effective date of substantively challenged changes in its rules, pending judicial review. The Board makes reference to that precedent in its motion for extension of time, *Nat'l Ass'n of Mfrs. v. NLRB*, No. 12-5068, 2012 WL 1521549, at *1 (D.C. Cir., order entered Apr. 17, 2012), but ignores the outcome of that case. There, the much less onerous rule change at issue (in which the Board attempted only to require employers to post a notice of employee rights) was ultimately found to be unlawful under the Administrative Procedure Act. *Nat'l Ass'n of Mfrs. v. NLRB*, 717 F.3d 947 (D.C. Cir. 2013). By initially staying the effective date of its challenged rule in that case to allow time for judicial review on its merits, the Board properly avoided disrupting the workplaces of millions of employers and employees under its jurisdiction. In the present case, the Board has acted arbitrarily by departing from the above precedent without adequate explanation and by refusing to delay the effective date of the much more disruptive new Rule pending judicial review. *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 US 29 (1983).

Plaintiffs submit that sufficient time remains for the Court to rule on the merits of the new Rule prior to its April 14 effective date, but not if the Board is allowed to unreasonably extend the time for filing its opposition and/or cross-motion.[1] In light of the Board's arbitrary refusal to follow its established precedent of voluntarily staying the effective date of a challenged rules pending the outcome of judicial review, Plaintiffs request that the Board be required to defend this legal challenge in a timely manner, Otherwise, large numbers of employers, employees, and unions will be adversely impacted by continuing uncertainty as to their legal

---

[1] Contrary to the Board's motion, there should be no need for Plaintiffs to seek the extraordinary remedy of preliminary injunctive relief, which the Board has stated it would oppose in any event.

rights under the NLRA if the Board's unprecedented changes to its longstanding election procedures go into effect on April 14, 2015.

Respectfully submitted,

*/s/ Maurice Baskin*
Maurice Baskin (*pro hac vice* pending)
Mark Jodon (Bar No.10669400)
Travis Odom (Bar No. 24056063)
Littler Mendelson, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010-3031
Ph: 713.951.9400
Fax: 713.951.9212

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2015, the foregoing motion and attachments in supports thereof are being served on opposing counsel via electronic ECF filing:

*/s/Maurice Baskin*