

**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Office of the General Counsel**
CONTEMPT, COMPLIANCE & SPECIAL LITIGATION BRANCH
1099 14th Street, N.W., Suite 10700
Washington, D.C. 20570-0001
Tel:     202-273-1000
Fax:    202-273-4244

May 1, 2015

BY ECF

The Honorable Robert L. Pitman
United States District Judge
501 W. 5th Street, Suite 5300
Austin, Texas 78701

        Re:    *Associated Builders & Contractors of Texas, Inc. v. NLRB*
                 Case No. 1:15-CV-00026-RP

Dear Judge Pitman:

      This supplemental letter brief responds to Plaintiffs Associated Builders and Contractors of Texas, Inc. et al. ("ABC")'s belated assertion at the April 24 hearing in this case, that *National Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 440 F.3d 459, 464-65 (D.C. Cir. 2006) ("*Home Builders*"), and *Cablevision Systems Corp. v. FCC*, 649 F.3d 695, 715 (D.C. Cir. 2011) ("*Cablevision*"), support its position. Tr. at 7:21-8:5 (Apr. 27, 2015), attached as Exhibit A. In addition, we wish to bring two additional matters to the Court's attention.

      Crucially, at no point—either in its Opposition to the Board's Cross-Motion for Partial Dismissal [ECF No. 26] or at oral argument—has ABC contested the rule of law enunciated by the Supreme Court in *Reno v. Flores*: that to succeed, a plaintiff bringing a facial challenge to a regulation must show that there exists "no set of circumstances" in which the challenged provision may be lawfully applied. 507 U.S. 292, 301 (1993); *cf. also Action Alliance of Senior Citizens of Greater Phila. v. Heckler*, 789 F.2d 931, 941 (D.C. Cir. 1986) (facial challenge was unripe because to succeed on such a challenge, plaintiff must show that regulation "stands in conflict with the statute regardless of how the agency exercises its discretion"). *Home Builders* and *Cablevision* fail even to cite, much less grapple with, that principle. Essentially the entire ripeness analysis in *Home Builders* relies upon the case *National Mining Association v. U.S. Army Corps of Engineers* ("*NMA*"), 145 F.3d 1399, 1407–08 (D.C. Cir. 1998)—a case that a later panel of that same court has repudiated as resting upon the "mistaken belief" that *Flores* does not apply to facial regulatory challenges. *Sherley v. Sebelius*, 644 F.3d 388, 397 n.** (D.C. Cir. 2011). *Cablevision*, in turn, largely repeats the analysis of *Home Builders*.

      There are two other matters we wish to bring to the Court's attention at this time. First, at the oral argument, ABC's counsel claimed that a PowerPoint presentation on the NLRB's Web site shows that the Regional Directors do not truly have discretion over whether to preclude presentation of evidence not referenced in a Statement of Position. Tr. at 11:20-12:2, 36:13-19 (attached as Exhibit B). We invite the Court to view that PowerPoint for itself at http://www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/R%20Case%20Rules%20Powerpoint%202015%20Public.pptx. The PowerPoint is, of course, a nonbinding guidance document which would not control over the Rule even if the two *were*

Hon. Robert L. Pitman
May 1, 2015
Page 2

somehow contradictory, and it is not part of the administrative record. But it should nevertheless be noted that ABC's claims are meritless. Slide 17 of the PowerPoint spells out the Regional Director's discretion to permit amendments to the Statement of Position for good cause.

      Lastly, we wish to apprise the Court of developments in a parallel challenge to the Rule taking place in District of Columbia district court. As we previously notified the Court, a group of plaintiffs led by the Chamber of Commerce of the United States filed a facial challenge to the Rule in that court (No. 15-cv-00009-ABJ). On April 17, 2015, an individual company, Baker DC, LLC, also filed in the D.C. district court a complaint challenging the Rule (No. 15-cv-00571-ABJ), and sought a temporary restraining order to enjoin its implementation in a pending representation case. On April 22, in a written opinion (attached as Exhibit C), the D.C. district court denied Baker's request for the relief, and consolidated Baker's case with the Chamber's case. An additional round of briefing is scheduled to conclude on May 8, and a hearing will be held on May 15.

                Very truly yours,

                <u>/s/ Barbara A. O'Neill</u>
                Assistant General Counsel
                Contempt, Compliance, and Special
                Litigation Branch
                National Labor Relations Board
                (202) 273-2958
                Barbara.O'Neill@nlrb.gov