```
                    UNITED STATES DISTRICT COURT

                     WESTERN DISTRICT OF TEXAS

                       SAN ANTONIO DIVISION



ASSOCIATED BUILDERS AND        )   CIVIL NO. 1:15-00026-RP
CONTRACTORS OF TEXAS, INC.     )
et al.                         )
                               )
vs.                            )   April 24, 2015
                               )
NATIONAL LABOR RELATIONS       )
BOARD                          )
                               )
DEFENDANT.                     )
```

### TRANSCRIPT OF ORAL ARGUMENTS
### BEFORE THE HONORABLE ROBERT L. PITMAN
### DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiffs:      G. MARK JODON, ESQ.
                         Littler Mendelson, P.C.
                         1301 McKinney Street
                         Suite 1900
                         Houston, TX 77010
                         (713) 652-4739


                         MAURICE BASKIN, ESQ.
                         Littler Mendelson P.C.
                         1150 17th St. N.W.
                         Washington, DC 20036
                         202-772-2526

1  So I stop there because final agency action was one
2  the criteria and because the Board has made an issue about
3  what's final and what's not final.  The rule is final.
4  And then the question of whether further factual
5  investigation is needed to assist, and it is not.
6  But let me go right to the discretion issue.  You
7  raised it.  The Board has certainly raised it quite a bit.
8  And the reality is, we are talking about situations
9  where, first, the rule is limiting discretion.  It is telling
10 the regional directors to do things they have never been told
11 to do before and conversely is allowing them to do things
12 they have never been allowed to do before and things that
13 violate the statute.
14 And so it is the instructions that the rule is
15 issuing, even those where it says, "Well, in extraordinary
16 circumstances you can tinker with it a little bit."  That
17 does not allow them to escape.
18 And they cited only one case, really, which stands
19 for the proposition that discretion should make a difference.
20 It's the <u>Action Alliance</u> case in the D.C. Circuit.
21 ==And since they cited that, in the reply, I just==
22 ==wanted to give you a couple of cases to look at, like the==
23 ==<u>National Association of Home Builders</u> case, which is at 440==
24 ==F.3d, page 465, another D.C. Circuit case, which==
25 ==specifically, in their own words, debunks the idea that==

1  because agencies reserve some discretion, that that makes it
2  non-reviewable at the rule-making stage.
3            Cablevision is another such case, 649 F.3d, 695,
4  D.C. Circuit 2011. And in there, the decision, it says,
5  "Discretion is a separate issue."
6            Why? Because it's the instructions, the rule
7  itself, and also because these agents -- the Courts have
8  said, "Agencies always have some kind of discretion."
9            If you took that to its logical extension, one
10 would never be able to do a rule challenge because agencies
11 can almost always say, "We have some room to exercise our
12 agency discretion."
13           There is really nothing more than that going on in
14 this case. And so --
15           THE COURT: A red flag to me though -- it's in your
16 briefing -- when you have to say things like, the rule
17 strongly discourages and, in effect, disallows. Those are
18 sort of qualifying words that almost admit that you have got
19 a problem that they have identified.
20           MR. BASKIN: Well, that's because one can never say
21 that there is -- that because they give some legal room, the
22 fact that they are, that the Board is discouraging and is, in
23 effect, doing these things, is a change from the law.
24           I'll give one example. The issue of preclusion.
25 And, really, our claim boils down to three things:

Exhibit A