IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS OF TEXAS, INC., et al | )<br>)<br>)<br>) |
| Plaintiffs, | ) 15-cv-00026-RP |
| v. | )<br>) |
| NATIONAL LABOR RELATIONS BOARD, | )<br>) |
| Defendant. | )<br>) |

**PLAINTIFFS' SUPPLEMENTAL POST-ARGUMENT BRIEF**

Plaintiffs hereby submit this supplemental post-argument brief at the invitation of the Court in order to address issues that arose at the argument.

First, Plaintiffs wish to make the Court aware that there have now been 141 petitions filed across the country, and a number in Texas, as to which the new Rule is already being implemented. *See* http://www.nlrb.gov/cases-decisions. Therefore, whatever merit the Board's ripeness arguments once had (and Plaintiffs reiterate that they had no merit even before the Rule went into effect), those arguments must fail now. This is so because even those cases cited by the Board as dismissing claims based on ripeness concerns have acknowledged that a challenge to a discretionary rule is ripe when that rule has actually "been implemented in particular circumstances." *Sprint Corp. v. FCC*, 331 F.3d 952, 956-57 (D.C. Cir. 2003). Clearly, the new Rule has now been "implemented in particular circumstances" and is therefore ripe for review.[1]

---

[1] This fact also distinguishes the case of *Reno v. Flores*, on which the Board has heavily relied. 507 U.S. 292, 301 (1993) (though *Reno* does not actually contain any discussion of ripeness in the opinion). Critical to the holding of that case was the absence of any record of enforcement of the rule in question. *Id*. As noted above, there is such a record of enforcement in this case.

1

As but one of many examples of enforcement of the new Rule in exactly the manner challenged by Plaintiffs, we wish to bring to the Court's attention the attached declaration of facts occurring in the case of *Baker DC, LLC*, 5-RC-150123 (NLRB, Region 5). One of the first petitions in the country under the new Rule was filed on April 14, against Baker DC, a company that happens to be represented by counsel for the present Plaintiffs. Baker's parent company does business in Texas and is a member of Associated Builders and Contractors.

As set forth in the attached declaration, the challenged provisions of the new Rule relating to the burdensome new Statement of Position and the challenged pre-hearing disclosure of employee names and work locations have already been enforced against this employer. *See* Declaration of Erik Hult.[2] Even worse, at the Representation Hearing in this case held on April 30, directly as a result of the new Rule, the employer was denied the opportunity to offer evidence into the record on a question concerning representation of an entire group of employees known as working foremen, comprising more than 13% of the petitioned-for unit. *Id*. Finally, the compelled disclosure of the personal phone numbers and personal email addresses of the employees of that employer is now imminent, resulting in invasion of the privacy rights of the employer and its employees. *Id*.

---

[2] As indicated in the caption of Mr. Hult's declaration, his statement is being filed on this date in the *Chamber of Commerce* case which Baker DC has joined as a Plaintiff, along with three co-Plaintiff employees. Baker DC filed its own complaint against the Board and sought a Temporary Restraining Order against enforcement of the new Rule. The district court denied the Motion for TRO, based on findings that there was not a sufficient showing of irreparable harm to support extraordinary relief. But the court consolidated Baker DC's complaint with the pending complaint of the Chamber of Commerce et al, and scheduled a hearing on the pending dispositive cross-motions in that case for May 15, 2015. *See Chamber of Commerce v. NLRB*, 15-cv-00009 (D.D.C.); *Baker DC, LLC v. NLRB*, 15-cv-00571 (D.D.C.).

Baker DC is not seeking to join the present litigation in this Court. The declaration regarding Baker's ongoing proceeding at the NLRB is being submitted solely in order to confirm to the Court that the new Rule is in fact being implemented, and indeed already has been implemented in exactly the unlawful manner that Plaintiffs alleged in their complaint. Based on these facts and the 140 other cases around the country where the new Rule is being implemented, there can no longer be any question as to the ripeness of Plaintiffs' legal challenge to the new Rule under the NLRA and APA, and this aspect of the Board's cross-motion should be rejected.

Respectfully submitted,

/s/Maurice Baskin

Maurice Baskin (pro hac vice)
Mark Jodon (Bar No. 10669400)
Travis Odom (Bar No. 24056063)
Littler Mendelson, P.C.
1301 McKinney St.
Houston, TX 77010-3031
Ph:713.951.9400
Fax: 713.951.9212
mbaskin@littler.com

Attorneys for Plaintiffs